(No. 3435— ▮▮▮▮▮▮▮▮

W. E. SNYDER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1941.*

SUMNER & LEWIS, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On September 20th, 1939 and for several weeks prior thereto, the claimant W. E. Snyder, was employed by the respondent as a laborer in Unit C of the day labor organization of the Bureau of Construction, Department of Public Works and Buildings, Division of Highways.

On the last mentioned date, while in the course of his employment, the claimant went to the repair shop of Unit C in the city of Lawrenceville for the purpose of grinding a chisel with which he had been working. There was a box of dynamite caps either on a work bench in the shop, or on a shelf above the bench. Claimant plugged in an electric cord leading to the grinder, and as soon as the grinder began operating, touched the chisel to the grinder. At that instant the dynamite caps exploded through some unknown cause, and the claimant sustained the injuries for which he seeks compensation in this case.

He was immediately taken to the office of Dr. Kirkwood in Lawrenceville who administered first aid, and was then taken in an ambulance to the Olney Sanitarium Clinic at Olney, where he was attended by Dr. Lawrence F. Weber and Dr. H. N. Fisher, both of Olney. He remained in the Sanitarium until September 28th, when he returned to his home in Lawrenceville but remained under the care of the Sanitarium doctors until November 27th, on which date he was discharged.

Claimant's wages were fifty cents (50c) per hour for not to exceed forty (40) hours per week. In the employment in which he was engaged it was customary to operate for a part of the whole number of working days in each year.

As the result of the explosion, the claimant sustained numerous small puncture and burn wounds of the entire face, arms and hands, the right side of his body, and the right thigh. Both eyes had small pieces of foreign bodies in them. There were several lacerations about one-fourth inch long on the right side of the face and neck, with pieces of metal from the exploding caps protruding. There was also a laceration

of the right forearm and pieces of metal were protruding from many of the wounds.

On November 30th Dr. Weber reported as follows:

"All pieces of foreign bodies removed that were found. Wounds cleansed with soap and water. Larger lacerations bandaged. 1500 units antitoxin serum with perfringene given and another in 24 hours. Put to bed under tent with lights. Dr. Fisher called to see eyes. Each day and at subsequent office visits as further foreign bodies were found they were removed. On some it was necessary to use local anaesthetic. There still remain some buried foreign bodies of the hands and arms, but in my opinion they cause little further trouble. He also has some limitation of flexion of the index finger of the right hand. There will be some permanent scars of the hands and face, but do not believe there will be any permanent disability."

Although claimant originally contended that as the result of the accident in question, he had sustained a loss of the sight of the right eye, he now admits that there is no evidence in the record to sustain such contention, and concedes that he is not entitled to any compensation for the partial loss of the sight of the right eye, and limits his claim to compensation for temporary total incapacity, permanent partial loss of the use of the index finger, compensation for disfigurement, and reimbursement for expenses necessarily incurred in going to and returning from the hospital at Olney, Illinois for medical attention.

Claimant personally appeared in court for examination relative to the nature and extent of the disfigurement sustained by him.

Upon consideration of all of the evidence in the record, we find as follows:

That on September 20th, 1939 claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act; that the earnings of the claimant for the year preceding the accident, computed in accordance with the provisions of Section 10 of such Act, were $800.00, and his average weekly wage was $15.38; that claimant at the time of the injury was 43 years of age, and had no children under the age of sixteen years; that all necessary first aid, medical, surgical and hospital services were provided by the respondent; that claimant was temporarily totally disabled from the date

of his injury as aforesaid to and including November 27th, 1939, to wit, for a period of nine and five-sevenths weeks; that he also suffered the permanent loss of five per cent (5%) of the use of the index finger of his right hand; that he has also sustained serious and permanent disfigurement to the hand, head, face and neck; that he was compelled to and did expend the sum of Eleven Dollars ($11.00) for traveling expenses in going to and returning from the hospital at Olney for medical attention; that the sum of Eighty Dollars and Fifteen Cents ($80.15) has been paid by the respondent to apply on the compensation due the claimant as aforesaid.

We further find that the claimant is entitled to have and receive from the respondent the sum of Eight Dollars and Forty-six Cents ($8.46) per week for nine and five-sevenths (9 5/7) weeks' temporary total disability, in accordance with the provisions of paragraphs (b) and (L) of Section eight (8) of the Workmen's Compensation Act; also the further sum of $8.46 per week for a period of two weeks for the permanent loss of five per cent (5%) of the use of the index finger of the right hand, in accordance with the provisions of paragraph E-2 of Section eight (8) of such Act; also the further sum of Three Hundred Fifty Dollars ($350.00) for serious and permanent disfigurement to the hand, head, face and neck; also the sum of $11.00 in repayment of the amount expended by him for traveling expenses as aforesaid—making in all the sum of Four Hundred Sixty and 10/100 ($460.10) Dollars, from which must be deducted the sum of $80.15 heretofore paid by the respondent as aforesaid, making a net amount remaining due the claimant of Three Hundred Seventy-nine and 95/100 ($379.95) Dollars.

We further find that all compensation due to the claimant as aforesaid has accrued at this time.

Award is therefore entered in favor of the claimant, W. E. Snyder, for the sum of Three Hundred Seventy-nine and 95/100 ($379.95) Dollars.

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof", (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Dis-

bursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly'', approved July 1st, 1939 (Session Laws 1939, page ·117); and being, by the the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided·by the foregoing Acts.